IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARK LYNN REED | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| THE UNITED STATES OF AMERICA | § | RULE 9(h) ADMIRALTY |

### **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARK LYNN REED, hereinafter referred to as Plaintiff, complaining of, THE UNITED STATES OF AMERICA and would respectfully show as follows:

1. This is an action within the maritime jurisdiction of this Court and this Court has jurisdiction because there exists an amount in controversy in excess of $75,000.

2. This action is maintained under the Suits in Admiralty Act, 46 U.S.C. § 475, as well as the general maritime law of the United States of America. This action is also maintained under the Public Vessels Act, 46 U.S.C. § 781, and the Jones Act, 46 U.S.C. § 688.

3. Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4. Plaintiff, MARK LYNN REED, is a resident of League City, Texas.

5. Defendant, THE UNITED STATES OF AMERICA, for all purposes herein, may be served with process herein by serving the following governmental offices: David T. Matsuda, Maritime Administrator, U.S. Department of Transportation Maritime Administration, 1200 New Jersey Ave., S.E. Room #W23-438, Washington, DC 20590; Ray LaHood, Secretary of

Transportation, U. S. Department of Transportation, 1200 New Jersey Avenue, SE, Washington, DC 20590, the Honorable Eric H. Holder, Jr., Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, North West, Washington, D.C. 20530-0001; and the Honorable Jose Angel Moreno, United States Attorney, Southern District of Texas, 910 Travis, Suite 150, Houston, Texas 77002. Notice of Claim was forwarded to the United States of America on January 31, 2011. The United States of America denied the administrative claim on April 25, 2011.

6. MARK LYNN REED would show that this lawsuit has become necessary as a result of personal injuries received on or about August 2, 2010. On that date, Plaintiff was employed by Matson Navigation Company, as an able bodied seaman aboard the S.S. CAPE JACOB, a vessel which was owned, operated and/or managed by the THE UNITED STATES OF AMERICA when he sustained injuries due to the negligence of Defendant, causing Plaintiff to sustain injuries including, fracture of shaft of tibia, fracture of fibula right, fracture of clavicle, fracture of scapula, multiple fractures of rigs, fracture of skull, traumatic subarachnoid hemorrhage, focal brain injury and benign paroxysmal positional vertigo, among other parts of his body. Specifically, Plaintiff was injured when Mr. Reed and another co-worker were ordered to take the mooring lines to power. Mr. Reed set the stopper as ordered and the line broke, impacting him and knocking him unconscious.

7. On said date Defendant was negligent and the vessel was unseaworthy.

8. Defendant was negligent and the vessel was unseaworthy in the following particulars:

    a. Failing to provide a safe place to work;

    b. Failing to maintain adequate and secure vessel lines;

      c.     Using the deck capstan when the Defendant knew or should have known that its use put undue stress on lines and was designed for much larger lines;

      d.     In the Defendant ordering the tugs to release the subject vessel prior to a time when it was safe to do so.

9.     On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the S.S CAPE JACOB, its crews and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

10.     As a result of said occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

11.     Plaintiff further alleges that it was and still is, the duty of said Defendant, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that the Defendants has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and Defendant has further unreasonably, arbitrarily, willfully and

capriciously refused to provide him with medical cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MARK LYNN REED, prays that this citation issue and be served upon said Defendant, THE UNITED STATES OF AMERICA, in a form and manner prescribed by law, requiring that the Defendant appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #: 8877
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (713) 751-0412
mshaffer@smslegal.com
ATTORNEYS FOR PLAINTIFF,
MARK LYNN REED